**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2577 |
| Plaintiff - Appellee, | D.C. No. 4:19-cr-06065-MKD-1 |
| v. | |
| HUGO SANCHEZ-MERINO, SPANISH INTERPRETER REQUIRED, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted June 5, 2025**
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Defendant Hugo Sanchez-Merino appeals the district court's denial of his first, third, and fourth motions to dismiss criminal charges brought against him under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review de novo the denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 for illegal reentry when the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1047 (9th Cir. 2018) (simplified). "We review the district court's findings of fact for clear error." *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015) (simplified).

1. Section § 1326(d) bars a defendant charged with unlawful reentry from collaterally attacking their conviction unless they demonstrate that three conditions are met. *United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021). "The requirements are connected by the conjunctive 'and,' meaning defendants must meet all three." *Id.* One of those conditions requires a defendant to demonstrate that the entry of the order against them was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). Under this prong, a defendant bears the burden of demonstrating that his due process rights were violated and that the defendant suffered prejudice as a result. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). To show prejudice, a defendant must show "that he had a plausible ground for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (simplified). Even assuming his due process rights were violated, Sanchez-Merino cannot show he suffered prejudice here.

Sanchez-Merino argues he suffered prejudice from alleged due process

violations because he was a plausible candidate for relief from removal. He makes this argument with respect to both his May 2000 and August 2001 removal orders. But Sanchez-Merino cannot demonstrate that the reasons for his admissibility "establish that it would be in the interest of justice" for him "to avoid a formal removal order." *United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1021 (9th Cir. 2011) (simplified). The "factors directly relating to the issue of inadmissibility indicate" whether "the granting of [a] withdrawal would be in the interest of justice." *Id.* at 1020.

Here, Sanchez-Merino presented himself at the U.S. border and falsely claimed he was a U.S. citizen—showing customs officials a birth certificate belonging to somebody else. And fraudulently or willfully misrepresenting a material fact, including procuring fraudulent documentation, makes an arriving noncitizen inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(i). So when a noncitizen "has willfully defied U.S. immigration laws by making a false claim of citizenship . . . the [immigration judge ("IJ")] can reasonably decide that it is not in the 'interest of justice' to grant . . . relief from a formal removal order." *Cisneros-Resendiz*, 656 F.3d at 1022. Factors such as Sanchez-Merino's "age and family ties to the United States" are not relevant to this inquiry. *See id.* at 1021. Because he cannot show that he could plausibly have obtained approval to withdraw his application for admission, Sanchez-Merino fails to satisfy his burden of showing that he suffered

prejudice. *See United States v. Valdez-Novoa*, 780 F.3d 906, 916 (9th Cir. 2015).

2. Even if Sanchez-Merino could satisfy the requirements of 8 U.S.C. § 1326(d)(3), his collateral attacks against his conviction would still fail. One of the other conditions of 8 U.S.C. § 1326(d) requires that a noncitizen "exhausted any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1). This is true regardless of whether an IJ erred substantively or procedurally. *See United States v. Portillo-Gonzalez*, 80 F.4th 910, 919 (9th Cir. 2023) ("*Palomar-Santiago* did not limit its holding to an IJ's substantive errors.").

The district court found, and the record supports, that Sanchez-Merino was asked whether he wished to appeal his May 2000 removal order and he responded, "no." The May 2000 removal order notes that Sanchez-Merino waived his right to appeal. The district court also found, and the record supports, that Sanchez-Merino was informed of his right to appeal his August 2001 removal order but waived that right. So even if the IJs violated Sanchez-Merino's due process rights with respect to either his May 2000 or August 2001 removal orders, his failure to appeal either removal order bars him from collaterally challenging his conviction under 8 U.S.C. § 1326(d)(1). *Portillo-Gonzalez*, 80 F.4th at 917. Thus, the district court properly denied Sanchez-Merino's third and fourth motions to dismiss.

3. Because Sanchez-Merino failed to satisfy 8 U.S.C. § 1326(d)'s

requirements with respect to his May 2000 and August 2001 removal orders, this court need not reach his challenges to the April 2000 removal order. As the district court noted, the May 2000 and August 2001 removal orders are sufficient to support the Government's indictment against Sanchez-Merino under 8 U.S.C. § 1326. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). So the district court properly denied Sanchez-Merino's first motion to dismiss.

**AFFIRMED.**